## Chas. BAKER v. STATE.  (No. 12280.)

Court of Criminal Appeals of Texas.  Nov. 21, 1928.

See, also, 5 S. W.(2d) 149.

W. A. Johnson, of San Angelo, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J.  The offense is passing a forged instrument; punishment fixed at confinement in the penitentiary for a period of five years.

No statement of facts or bills of exceptions are found in the record. No questions of law are brought forward for review.

The jury assessed against the appellant a penalty of confinement in the penitentiary for a period of five years. In preparing the judgment and sentence the court failed to take note of the provision of the Indeterminate Sentence Law (Laws 1913, c. 132, as amended by Laws Ex. Sess. 1913, c. 5), by which the judgment and sentence should have condemned the appellant to confinement in the penitentiary for a period of not less than two nor more than five years.

The judgment and sentence will be reformed, to accord with the provision of the Indeterminate Sentence Law mentioned above, and, as reformed, an affirmance is ordered.

## Oscar BANISTER v. STATE.  (No. 12040.)

Court of Criminal Appeals of Texas.  Nov. 28, 1928.

W. H. Barnes, of Forney, and Wynne & Wynne, of Kaufman, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J.  The offense is the possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for a period of two years.

There is no complaint, by bills of exceptions or otherwise, calling for a review of any rulings of the trial court. The statement of facts has been read, and shows without controversy that the appellant possessed in his house a quantity of whisky and a quantity of so-called "home brew," which was kept for sale. Moreover, the quantity of whisky was such as to constitute prima facie evidence that it was intended for sale. No defensive theory is presented by the evidence.

The judgment is affirmed.